Number 4, and final case for the morning call is First Bank of Highland Park v. Vladimir Sklarov et al. That's number 219-0210. On behalf of the attorney, Mr. Michael C. McCracken. On behalf of the First Bank of Highland Park, Ms. Wendy Kate McCracken. I'm sorry, what's your last name? I just like to hear him try to pronounce it. All right, Mr. McCracken. Thank you, your honors. Michael McCracken on behalf of the public. May it please the court. Counsel, this matter involves the trial court ruling of a motion for a mortgagee in possession. Plaintiff Apelli filed a lawsuit seeking to foreclose on a mortgage secured by real property. In the first motion for mortgagee in possession, plaintiff Apelli moved under the residential real estate section of the mortgagee in possession statute. Thereafter, it was responded to by appellate. Thereafter, a reply brief was filed and oral arguments commenced. During oral arguments, the court advised plaintiff Apelli that they should be moving under the non-residential section of section 1701 for a motion to be appointed mortgagee in possession. Thereafter, the motion was withdrawn after oral arguments had begun. And plaintiff Apelli brought its second mortgage for motion to be appointed mortgagee in possession under the non-residential section of the Illinois Mortgage Foreclosure Act. In granting that motion, the trial court found that the property was not residential real estate because it had been quote unquote previously leased. There was no other ruling as to why it was found to be a non-residential property. We filed the appeal asking that the court reverse that order because one, the evidence that was presented and the ruling made by the trial court was made in error because just the sole fact that the property had been previously leased is not determinative of whether a parcel of property is deemed non-residential In this case, though, the bank really never changed their argument. They just amended their pleadings to conform to their argument. Because didn't they always argue that the defendant didn't live there? What occurred is that in the first motion to the second motion, additional facts were alleged and used to rely upon in seeking to enforce the granting of that motion. In response to the first motion, appellant filed an affidavit alleging certain facts. In the second motion, the appellees used that affidavit in support of moving under the second non-residential portion of the Mortgage and Foreclosure Act. So the bank, what she's saying is the bank initially pled under the wrong section. Was there a position? Was it not from the beginning? And very consistently, he wasn't living at the property as his primary residence. Wasn't that always their argument? Well, I never believed that there was ever any argument that he was not living there as his primary residence. Right. They moved or as his principal residence, which is the words, the appropriate section. So that, he did admit that. So how, what detriment did he suffer? The detriment that he suffered is that the appellee never conducted any discovery in this matter, and that once no discovery, once discovery had closed, they moved for the mortgagee in possession. Once that occurred, they had used the affidavit in response to the first mortgagee in possession as the evidence necessary for the granting of the second mortgagee in possession, which that is the prejudice. There's also additional prejudice to once the motion has been filed and argument has begun, it became clear to defendant, not to defendant, to plaintiff, based upon the trial court's statements, that the motion was going to be denied. Once the motion is denied, then I can then raise, I can raise arguments of defense to a second motion being brought, and your prejudice by not being allowed to do that. So the prejudice is twofold. One, evidence that was not available to the defendant, to the plaintiff, was used in the second motion, and two, that we should have been allowed to have the motion ruled upon and then raised a stop of defenses to the second motion that was being argued. But they did have other evidence, didn't they, that they secured on their own through some investigation as opposed to deposition or otherwise. They knew the water had been turned off. They didn't know why, but they knew the water had been turned off. That's easy to find out. They did know about a tenant, and I don't, as I recall, I don't think they directly found that out from your client's affidavit. If I were responding to that, in the response of the plaintiff, they alleged that the appropriate investigation by the trial court in determining whether or not it's residential real property is to be determined solely in the instance of time when the complaint is filed. So as to whether or not the water has been turned off, that's an inappropriate reliance on evidence because it is subsequent to the appropriate timeframe in determining whether or not it's residential real property. The second one is that the appellant that was residing in Europe also subsequent to the time when the complaint was filed. So those two types of evidence should not have been relied upon. In addition, that evidence was proffered pursuant to an affidavit of a witness  of the trial court. So the trial court should not be allowed to be providing affidavits during any sort of motion. Well, we've got two levels that we're arguing. You're arguing procedural problems and technicalities and other issues. So does this tie into your mend and hold argument as to why they couldn't have amended their pleadings? You raised amend and hold. Correct. So I have three issues. The first issue is that the ruling made by the trial court does not comport with what the requirements of the statute are to find whether or not it's residential real estate. His sole ruling was that the property had been previously leased. I believe that that is not sufficient to find that the property is not residential real estate. The second issue is that, based upon the evidence that is presented by defenders by plaintiff, that that still fails to meet the burden of proof in granting the mortgagee in possession motion. So an appellate court can affirm a order for any reason that is – for all reasons that are based on the record. Based upon the reasons in the record, absent and not taken into account the trial court's ruling, we believe that there is no evidence that would allow for the mortgagee in possession motion to be granted. And that goes to what the evidence is presented – what evidence is presented in that mortgagee in possession motion number two, which is distinct from my third argument, which is that the second mortgagee in possession motion should never have been brought. So as to the evidence concerning whether or not the mortgagee in possession motion should be granted, they provide four types of evidence. That at the time of filing the complaint, there was a paying tenant, appellate's ex-wife was required to receive rents from the property, appellate advised appellate that he was residing in Europe, and the water at the property had been shut off. Based on those four proffers of evidence by plaintiff, the motion still should not be granted. And the reason is, is because whether or not it's a principal residence that's occupied is not being proven solely by what has been alleged, and they don't carry their burden of proof on the motion that they're required to do. Well, wait a minute. Wait a minute. Just taking the fact – if, in fact, it was established by way of admission or pleadings or other independent proof that he's living in Europe, how could the house in Lake County be a principal place of residence? Well, the definition of principal residence is not defined in the Illinois Mortgage Foreclosure Act. And there is no discussion, based upon our research in Illinois courts, the interpretation of principal residence. That's a very good point. But then you go down to what is an ordinary meaning of the term, because according to you, then, this could never be enforced because there's no statutory definition. No. This is not an unusual problem. And I would not say that – and I do not say that it's not – what I say is, is that when you look at the way that the statute is written, it says a principal residence. A principal residence, therefore, means that it's indicative of being more than one principal residence. And principal residence is really a technical term. Right? If they wanted to – if the Illinois State legislator wanted to say, this has to be the house where they reside in every single night – Well, what does the tax code, the Federal tax code, say? The Federal tax code says that a principal residence is the principal residence of the taxpayer so long as it's used as his primary residence for a two-year period out of a five-year period. And counting the two-year period, that two-year period could include time where the taxpayer is actually absent from his home. And it further states in its regulation that even if you rent the home out during this time period, it still could be deemed a principal residence. And so it's my position that when the legislature used this term, it was this term that was being used, plain and ordinary. Right? Well, plain and ordinary means, well, let's go to California. Let's ask people there, what does principal residence mean? Let's go to New York. Let's ask what people – what principal residence means there. And my understanding, my belief would be that if you were to do that, principal residence would conjure up what the United States government defines principal residence as. If they wanted something different, they could have – they could have certainly said something different. Well, they could have. But, counsel, you're aware of the very well-settled rule of law is that where a statutory term is not defined, you can look to the ordinary and plain dictionary meaning. You are aware of that, are you not? I am. Okay. So would you quarrel with this? When you look at principal, isn't that normally defined as chief or primary? Principal would be a chief or the primary. Isn't that what principal would mean? If the definition is – if that is what the definition is, that is what the definition is. Okay. So – But I would also say this, though. When you go ahead and you try to define terms and you take each term in isolation and then you try to take the sum of those definitions to arrive at the definition for the – for the more than one word, you can run into problems with that. And so just because it says principal residence, you know, I would – and the – I think that the plain and ordinary meaning of that is what is generally understood by the public and the legislature to understand. But there's a matter of common sense involved here, okay? Yes. If you're living in another country, can you have a primary residence in another country, too? And primary – Apply your argument to the facts of this case. Sure. So the statute states a principal residence. If they wanted to have a principal residence be identified as a singular residence only, it would have been the principal residence. So I think that that is important, and that's using what the language of the statute is. How about when you go to get insurance on a piece of property? Don't they always ask you, is this your primary residence? And I'm sure that they do. I just bought a home, and they do ask you if this is your primary residence. But the statute is not primary residence. The statute is principal residence. And so – Oh, you know, principal, primary. And I actually apologized to the court. I made a – I had a brain freeze, and I used that term interchangeably. And I apologize for that, and that is not correct. And it's principal residence. And so principal residence, and it's a principal residence. It's not the principal residence. So – and if you're over living abroad, and it's not – and the evidence does not suggest that it is an indefinite living abroad and that it will – that there will be no return. What it says – what the evidence presents it was, was that when he returns, this is where he resides. So are you saying then – I don't know if you are saying this. Are you suggesting that a person could have multiple principal places of residence? I have suggested – It seems as though you're saying. And the Federal Tax Code agrees with me. Do you have a case law that supports that? Yes. I don't have a case law. I have the regulation that's promulgated by the IRS. And that says that you can reside elsewhere and even rent out your home, and it's still deemed a principal residence. And the residency requirements of the two out of the five years that are required can still be counted even during the time that you are renting your home out. Do you have any cases that say that that definition applies here? I have no – my research of this shows that there are no cases at all even defining or discussing what a principal residence is under this. And the fact that it doesn't exist, I think, is – you know, it just – it hasn't – well, this may be a newer statute, or it just – you know, it's – the problem with this is it's a foreclosure case. Right? And so when people are being foreclosed on, obviously they're having monetary problems. And so you're not going to have the litigation necessary to bring it to the level where you would have a defined public court decision of any district saying, this is what principal residence means. Well, notwithstanding the IRS reg, if you've rented your property and you are living elsewhere, and we'll just assume for purposes of my hypothesis you're living in Europe, if you return to the state of Illinois and your property is rented to another person, you – how are you going to go back to that residence? Well, it would be – I mean – How can it be a principal residence for you when somebody else is living in it? Because principal residence, in my definition of it, would be that it is something that has been used for the two years as your primary residence out of a five-year period, and you may – and you have intention to go back to it. So let's say that you get transferred from the Chicago office to the London office, and it's a six-month term. And then you say, okay, well, for the six-month term, I'm going to put my house on Airbnb, or I'm going to rent it out so as I can continue to afford my home that is my principal residence. Just because it's being rented, you shouldn't lose the protection of it being your principal home. Well, was there any evidence in this case that the homeowner, Mr. Shlora, was intending to come back? Is there any evidence presented? Yes, there was, Your Honor. And that would have been in the affidavits that were attached in either the first response or the second response of the Mortgage of Motion case. That said what? And it says that when we return to Illinois, this is where we come back to. When we return, but there was no timeframe, there was no definition suggested, there was no situation that was specified. It's when we come back. And I agree with that, but I think it's also important to keep in mind that the burden of proof on the motion is that of the defendant. So if they don't carry their burden of proof, whether or not there's an absence of when he says I'm going to be coming back is not of consequence in my opinion. She needs to prove that it's not a residential real estate based upon the statute. The statute defines residential real estate as a place that is occupied as a principal residence. Occupied is not defined. And, well, thank you for hearing this. Was this a divorce case? Are these people divorced? These people are divorced, that's correct. But this was a separate case filed maybe during the divorce period, correct? This is a foreclosure action on a home during the divorce, and none of this is in the record. During the divorce, there were two residences, two large homes in Lake Forest. One was given to the wife as the principal residence. The current one was given to the husband as his principal residence. Was the wife getting the rent from this one? When the home in pursuit? That's in the record. It's in the record, but I'm not necessarily sure that it was admissible evidence of the motions. Okay. Thank you. Thank you. Ms. Katone. Good morning, Your Honor. Sit down. Please support. One of the – the whole argument of whether it's residential property is lost in the semantics of whether it's a principal residence. And that is addressed very specifically by the Illinois statute, which states at 1701A, real estate is residential only – and the word only is there – if it is residential real estate at the time the foreclosure is commenced. Whether or not Mr. Sklaroff ever intended to return from Europe, did return sometimes, the lease expired, the lease didn't expire, the tenant moved out, somebody else moved in, somebody never else moved in, it's irrelevant. Well, why is it irrelevant? He seems to be saying he's always had the intention to come back. And that would include at the time the foreclosure proceedings were filed. But the statute says nothing about the homeowner's intention. What the statute says is whether or not – what is the condition of the property? Is it residential at the time the foreclosure is commenced? And then what we have to do is we have to look at 1219 because 1219 very specifically spells out a property is residential only if it is, A, improved with a single-family residence, which we all agree it is, and, B, the real estate is occupied by mortgagor, mortgagor spouse, or mortgagor children. Ryan Eagle was none of those things. He doesn't need to test if any of those are relevant. Correct. Correct. Ryan Eagle was not the mortgagor. Ryan Eagle was not the mortgagor's spouse. And Ryan Eagle is not the mortgagor's child. He's not his descendant. And so based on that, the very fact that the day we filed that foreclosure complaint, Ryan Eagle was an occupant of that property as a tenant with a lease, with rents being paid to Mrs. Scleroff pursuant to the divorce decree, answers the whole question right there. So really the inquiry as to what the language of the U.S. tax code is and whether or not he intended to come back and if he was in Europe or not in Europe has nothing to do with anything because the court's inquiry needn't go no further. It's fixed at the time it's filed. It's fixed at the time it's filed, Your Honor. But was he occupying the premises at that time? That's correct. He was not. And the record is very clear, even based on his own affidavits, that he was not occupying that property. In fact, not only was he not occupying the property on the date we filed, he was not occupying the property at any time since that date. During the whole duration to the present day, he has not occupied the property. Let me go back to his first issue with the amendable doctrine. And did you use the information that you've gleaned from the affidavits in filing your motions against him? The information? I'm sorry, if you could. That you received. He's saying that you received information from the affidavit and that's what you used against him. Your Honor, we filed the initial motion was filed with the affidavit of Ken Kreisel. They filed a response with the affidavit of Mr. Sclera. We filed a reply with the affidavit of Ann O'Connor because Ken Kreisel had retired from the bank. Did you utilize the information in Mr. Sclera's affidavit in order to craft your rebuttal? The only information that came from Mr. Sclera's affidavit was essentially an admission, which we had already known that the property was vacant because that information was contained in Ken Kreisel's affidavit that the tenant had vacated the property and that it was vacant. So we knew that with Ken Kreisel's affidavit, which was the very first affidavit that was filed. But what we got out of Mr. Sclera's affidavit was simply that I'm not living there because I've hired people to look after the property. So that's what was learned from Mr. Sclera's affidavit was essentially just confirmation of what we already knew, that the property had been abandoned. You had a question regarding the men-to-hold? Yeah, that was my question just about what you used the affidavit against. Okay. So it's the bank's position, Your Honors, that the first issue is resolved very clearly with just looking at the statutory language and the clear record that's on file because the complaint does, in fact, include an allegation that Ryan Eagle the bank sought to foreclose Ryan Eagle's interest as a tenant with a statutory interest in the property. It was very clear. And it also included the same allegation as to Mrs. Sclera and her income interest in the property. We sought to foreclose that as well. So when counsel talks about your pleadings must contain some precision, it's not your motion for possession, but it is your original complaint in foreclosure. Yes, Your Honor, because that complaint is operative. It's that point in time as fixed by the legislature that is determinative of this issue. Was it residential property? Wasn't it residential property? And quite frankly, the appellant ignores that whole fact throughout the duration of his argument. And, excuse me, his brief. That is not properly addressed anywhere in his brief or reply. It's completely glossed over the fact that this is what the statute says and there was a tenant in occupancy on that date that that complaint was filed. So when he argues that in your first motion for possession you were under B-1, I guess, and in your second you were under B-2, that's where you used evidence that he had provided against him. That was improper. Is that the argument you perceive? Yes. I believe that is the argument that's made, and we contend that that's not the case, Your Honor. As I explained to counsel, the only information that was gleaned from Mr. Sklaroff's affidavit was, in fact, an admission that he's not residing at the property and that he, in fact, has hired workers to maintain this property in his absence because he's essentially abandoned the property contrary to the requirements under the terms of the mortgage. So you never changed your argument? No, our argument did not change. Absolutely, we did not change our argument. And, in fact, our second motion relied upon the same exact affidavits that were filed with the first motion. We did not file any amended affidavits at that time with the second motion. We filed two affidavits, one with the response – I'm sorry, one with the original motion, one with the reply. Those same two affidavits were relied upon for the second motion. No new affidavits, no new information was provided. So in our position, Your Honor, as to that very first issue, of course, it's our position that the trial court's ruling should be affirmed. As to the second issue, this is a little bit more – well, first of all, the court has to take into consideration the fact that the trial court's – the second issue is whether the court should have allowed us to withdraw and then refile. And it's our position, and it's very clear, that the trial court's order of January 16, 2019, which allowed us to withdraw the one motion and refile a second motion, is an administrative order and is not subject to this interlocutory appeal. In fact, it was not – that order was not included on the notice of appeal that was filed. The only order that is being appealed is, in fact, the court's order dated February 15, 2019, granting the mortgagee in possession. But they're arguing about the court's prior order, that that was an error. Because they do, in fact, use that order as a basis to get to why this order is wrong, we did refute their arguments in our brief, and we continue to do so. Essentially, Sklarov inaccurately asserts that the revised motion was the very first time that First Bank of Highland Park claimed that this property was not residential. That's inaccurate, as we've already discussed. It was in the complaint. That information was in the complaint. Moreover, that information was in the first affidavit of Ken Kreisel. So that is an inaccurate statement in its entirety. Additionally, we submitted a similar fact pattern of Burrs v. Bohl, which we cite in our brief. And that's a situation where the defendant wife filed a motion to dismiss, asserting that the statute of limitations barred the complaint. She subsequently, with leave of court, withdrew that motion to dismiss, and then subsequently filed an answer, including affirmative defenses, asserting the statute of limitations defense. And on appeal, this very secondary issue, because this was not the primary issue on appeal, but the secondary issue on appeal addressed whether or not the court erred in allowing her to withdraw that first the motion to dismiss and then use that same argument in a defense included with the answer. And the appellate court said that there was no merit to the husband's argument that this was erred by the court, that the trial court had not ruled on the motion to dismiss, which is the same exact situation here. The trial court entered no ruling on our first motion whatsoever. It was an administrative order allowing us to withdraw and refile. So the defendant was not precluded. The court, appellate court in Burrs, stated that it was not pre – that the defendant was not precluded from raising those same issues once again. And that's what essentially happened here. So we suffer no detriment. Correct. How would you file or proceed on a second motion just as a matter of procedure if the first motion had not been withdrawn or the first motion had not been dismissed? You're right. You're right. Correct, Your Honor. We would not have been able to proceed. So why is that order not in the progression, the reasonable progression of this court process so that we could look at it? You're right, Your Honor. You keep calling it administrative that has nothing to do with it. Well, you couldn't have gotten to number two if number one was. That's correct. And that's why we did address it. I mean, it can't stand alone on an interlocutory appeal, but it's as a basis for the appeal on the MIP order, certainly. The defendant argues that they were prejudiced by evidence not available to them that was used in the motion as we talked about. But again, as we've said, all of that evidence was in our original motion, our original affidavit, our original complaint. So based on that, we feel that none of the appellant's arguments have substance of merit and that we ask the courts to affirm the trial court's ruling granting mortgaging and possession to the bank. Do we have any more questions? Thank you. Mr. McCracken, if you wish, you may offer rebuttal. Thank you. I can't say this with certainty, but I believe that the complaint is filed under the residential section of the Illinois Mortgage Foreclosure Act. So in response to that, I don't believe that the foreclosure was filed under a non-residential section but filed under a residential section. And how does that change the allegations that are in it? Well, I don't believe it. It doesn't change the allegations, but there seems to be some discussion concerning whether the Mendehall Doctrine is being used as whether or not the change in position is from the date that the complaint was from the allegations of the complaints or the allegations in the first mortgagee and possession motion. My position is that it's from the first mortgagee and possession motion, that once you move under the first non-residential or the first non-residential portion of the mortgagee and possession, then that was where the litigation strategy changes. But to the extent that the Court is concerned whether or not it has always been brought as a complaint under the non-residential section, I don't believe that's correct. I believe the complaint was brought under the residential section portion of the foreclosure act. Setting that issue aside and which section of the procedural issues, what about her critical point when she says the critical time is when the mortgage foreclosure complaint is filed? That's when you determine if the property is residential. And again, she opines if Mr. Eagle is living there as a paying tenant, how could it ever be considered to be residential real estate when the homeowner is not there? Okay. First, I believe that the evidence that's presented in the motion for mortgagee possession 2 does not make sufficient evidence that's admissible to sustain that point. The second one is that. And why is that? Because I believe that the evidence that was brought in that motion does not have that in an admissible format. So, but notwithstanding that, I believe that the important issue is whether or not it's residential real estate as defined under 1219. And it is to be occupied as a principal residence. And occupied is not defined, but occupant is. And just because the original owner leases his land out to a tenant, that does not mean that he's not still in lawful physical possession of his property. Well, he may be in physical possession of the property. It doesn't mean it's his place where he's living and occupying it, does it? Well, so I believe that you have to, you know, it's like the definition that we previously discussed about how you arrive at it. Do you do it in isolation or do you do it in its entire context? And so occupied as a principal residence. So occupant is defined under the Foreclosure Act and it says that it's a person that's in lawful physical possession. Principal residence. Principal residence is what I believe it should be determined as not just, you know, where you sleep your head every night. In her response, she alleges that the fact that he's not in physical possession of it means that it therefore is not a principal residence. So using her definition, it would be if I leave my property for the day like I'm here right now, my home is currently not my principal residence because I'm not a tenant. So you're overlooking the point that how can he be in physical possession of a residence when another unrelated person to him is leasing the property and living there, correct? There's somebody living there paying the rent. When we interpret a statute, we can't give them an absurd result, can we? I mean, leaving your house and making that now not your primary residence or your principal residence is an absurd analogy or an absurd result, isn't it? I agree. And so that's why I believe that just the fact that you're not currently in your home right there, that you should reject the interpretation of the definition that Plaintiff suggests in her response brief. As to my final point, the issue was kind of not properly addressed in my understanding as to whether or not there was an affidavit used in the second mortgagee for motion in possession. Okay. During that, it may or may not be true. I don't have the knowledge of whether it's the exact same two affidavits that were first used in the first motion. But I can tell you that in the second motion, in the original motion, that an exhibit was attached, which was the affidavit that was used in the first motion. And so I think that that's improper. So whether or not that that so I believe that because she used that information from the first motion in her second motion and she was precluded from moving for additional evidence under discovery, because discovery had been closed, and that's a separate issue that may be heard. Didn't she have that same information, though, from the guy at the bank, other than the admission of your client, that they had already said it and he wasn't moving it, correct? And I am not sure that that is entirely what the motion and the affidavit of Mr. Kreisel states. Well, he couldn't have filed Mr. Kreisel couldn't have filed a new affidavit in the second one because he wasn't there. So it has to be he was already gone from the bank. So it had to be the first affidavit. So my recollection is in the second motion in the response, I moved to strike the portions of Kreisel's affidavit for the contradiction that he had in his own deposition testimony. And I think that's and it may have been it may be the exact same affidavit and it may not be as it is to Kreisel. But evidence that was relied upon by the trial court was evidence that was adduced through the first motion in the affidavit of them. If she if all they were relying on was we've got our complaint, then all they and that's our allegation of the complaint, then all you do is you cite your complaint and that's it. But that's not what was being cited. It was being cited the affidavits and the affidavit of the respondent in the first motion. And I think that's unfair that they moved for a motion. They withdraw the motion. The motion would have been denied because of the testimony produced in the first affidavit because they're moving under the non-residential section of it. And now they're saying, okay, well, now that we've got him into admitting that it's not his house, ha-ha, we got you. And now we're going to move under the residential, the non-residential section. And that just seems really unfair. Well, even if they hadn't used it, are you saying that the judge has to overlook a judicial admission? Well, no. A judicial admission can always be looked at by a judge. But I'm not necessarily sure that a judicial admission had occurred that would say that this is not my principal residence as defined under 1219. I don't think there was ever a judicial admission. Yeah, that's an issue for prior fact or the judge. So in summary, I would just say that I don't believe that the trial court's ruling that it had been previously leased is appropriate to determine whether or not that it is a residential real estate. The second argument is that all of the evidence that was presented, even though that wasn't based on the court's ruling, this court should not affirm the trial court's ruling based on that new evidence because it doesn't meet the standard under 1219 residential real estate because they failed to show it's not his principal residence. And third, the motion should be vacated in its entirety without understanding as to the qualifications of the merits because it was unfair to allow the motion to first be withdrawn after oral argument had begun and matter had been fully proved. Thank you for your time. Thank you. All right, counsel, thank you for your argument. It was an interesting argument at the end of this day. So I think we were all paying great attention. And we will issue a decision in due course. We are now going to stand adjourned for today. Thank you.